## No. 470
## ADAMS v. ADAMS, Admr.

Ohio Appeals, Seventh Dist., Mahoning County
Decided March 31, 1923

REPLEVIN—(1) Essential elements to prove—(2) Personal responsibility of executor for goods in his possession as executor—(3) Judgment not against the weight of evidence.

POLLOCK, J.

### Epitomized Opinion

This was an action of replevin brought by the administrator of Sarah Adams. The property in question consisted of household furniture. When Sarah Adams died the furniture remained in the possession of her husband, William Adams, who continued to live in the house until the time of his death. William Adams died leaving a will, and appointing William Adams, Jr., as executor of the same. As the executor refused to turn this furniture over to the administrator, this action was brought to get the possession of this goods. Although there was some conflict, the weight of evidence seemed to disclose that the furniture had been purchased many years previous by Sarah Adams out of her own money. Various other statements and admissions of the husband were introduced in evidence, which tended to show that the property in question belonged to his wife. Both the Municipal and Common Pleas Courts found in favor of the administrator, whereupon error was prosecuted to the Court of Appeals. In sustaining the judgment of the lower court, the Court of Appeals held:

1. In an action in replevin the plaintiff must prove that he is the owner of the property at the time of the commencement of the action, is entitled to the immediate possession of the same, and that the defendant wrongfully retains possession thereof.

2. If the defendant wrongfully retained the furniture, the wrong was his, and he is liable personally for the same, although he may be acting as executor at the time.

3. It cannot be said that the judgment is manifestly against the weight of the evidence as there is some evidence to support the plaintiff's title.

Attorneys—W. L. Countryman, for plaintiff admr.; S. M. Thompson and Harrington, De Ford, Huxley & Smith, Contra.

## No. 471
## ZIEGER v. CARNICH BROTHERS et al.

Ohio Appeals, Seventh Dist., Mahoning County
Decided March 31, 1923

SALES—(1) No evidence of delivery of smaller amount—(2) Verdict not manifestly against the weight of evidence.

ROBERTS, J.

### Epitomized Opinion—Judgment Approved

This was an action against the Republic Iron & Steel Co. and others, for the value of a carload of steel drippings. Zieger & Co. shipped to Carnich Brothers from Detroit to Youngstown a carload of steel drippings. When the car arrived in Youngstown, it was inspected by Carnich Brothers and refused. Plaintiff was notified and consented to the shipment of the car back to Detroit. Carnich Brothers turned the car over to the B. & O. Railroad Co. and that company, through error, delivered the car of steel drippings to the Republic Iron & Steel Co. This company either used or disposed of the drippings in some manner. All the defendants, including the director general, were let out during the trial, except the Republic Iron & Steel Co. The jury returned a verdict for the plaintiff for a sum substantially less than the original sale price. Error was then prosecuted by Zieger to the Court of Appeals, the Republic Iron & Steel Co. claiming that it only received a small portion of the amount of material claimed to have been shipped. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As there was no evidence in this case that any material had been taken from the car before it was turned over to the defendant company it cannot be said that the jury erred in finding that the whole amount was delivered.

2. As the findings of the jury were all supported by evidence, it cannot be said that the verdict was manifestly against the weight of evidence.

Attorneys—Max Brunswick, for Zieger; O. T. Fell, Contra.

## No. 472
## TOLEDO SOLDIERS' MEMORIAL ASSOCIATION v. TOLEDO

Ohio Appeals, Sixth Dist., Lucas County
No. 1308. Decided May 21, 1923

EQUITY—(1) Cancellation of lease.

KINKADE, J.

### Epitomized Opinion

This is an action brought by the Toledo Memorial Association to secure the cancellation and forfeiture of a lease. The city of Toledo first conveyed by quit claim deed to the Toledo Soldiers' Memorial Association a certain strip of land to be used in conjunction with other land for the erection of a Memorial Hall. After the association had proceeded to a certain point it ran out of funds and was unable to complete the building. Thereupon the association entered into an agreement of lease with Toledo and pursuant to which the city undertook to complete the building at a lost of $30,000. The money was raised by bond issue. By the terms of the lease the city undertook and agreed that it would keep the building in repair. The term of the lease was for 99 years and renewable forever and the consideration therefor was the $30,000 which the city paid to complete the building. The lease contained no forfeiture clause. The Memorial Association claimed that the city had violated the terms of the lease in that it had omitted to keep the building in repair and had used it for improper purposes. Plaintiff also contended that the association had no power under the Statutes of Ohio to execute the lease, and moreover, that the officers of the association had no authority from it to enter into such a lease. The building was completed 30 years before this action was brought. As Judge H. D. Lloyd of the Common Pleas Court of Toledo dismissed the petition, the plaintiff appealed to the Court of Appeals. In affirming the decree of the lower court, the Court of Appeals held:

1. As the lessee expended a large sum of money more than 30 years before in the completion of this building and as the lease contained no forfeiture clause, these facts taken together with the unreasonable delay on the part of the plaintiff do not justify the court in rendering a decree for a cancellation and forfeiture of the lease.

Attorneys—Emery D. Potter, Ralph Emery, etc., for Toledo Soldiers' Memorial Association; Frank M. Dotson and Martin Dodd, for Toledo.